CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:17CR00025 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| REGAN DWAYNE REEDY and | ) |
| SUSAN ANNETTE REEDY, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

On March 16, 2017, Regan Dwayne Reedy and Susan Annette Reedy were charged in an eleven-count indictment returned by a grand jury in the Western District of Virginia. Both defendants waived their right to counsel and elected to proceed pro se. The case is presently before the court on Mrs. Reedy's motion to dismiss the indictment on the grounds that (1) the grand jurors were not qualified to serve, and (2) inadequate evidence was presented to the grand jury. For the following reasons, the motion will be denied.

Mrs. Reedy first argues that the members of the grand jury were not qualified to serve because they do not "resid[e] on federal lands." This argument is without merit. In order to serve on a federal grand jury, an individual must, among other requirements, be "a citizen of the United States . . . who has resided for a period of one year within the judicial district." 18 U.S.C. § 1865(b)(1). There is no requirement that grand jurors reside on federal property.

Mrs. Reedy also argues that there was insufficient evidence to support the indictment. This argument fares no better. Existing precedent makes clear that "courts lack authority to review the sufficiency of evidence supporting an indictment, even when a mistake was mistakenly made." United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003); see also Costello v. United States, 350 U.S. 359, 363-64 (1956) (refusing to establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent

evidence). "Furthermore, 'an indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charges on the merits.'" Id. (quoting United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1983)).

In this case, the indictment is valid on its face, since it properly alleges each of the essential elements of the offenses with which Mrs. Reedy is charged. See United States v. Lockhart, 382 F.3d 447, 449 (4th Cir. 2004). Moreover, Mrs. Reedy offers no support for the conclusory assertion that the indictment was obtained through fraud. Accordingly, the court "may not look behind" the indictment. Mills, 995 F.2d at 487.

For these reasons, Mrs. Reedy's motion to dismiss the indictment must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendants and all counsel of record.

DATED: This 11th day of September, 2017.

_____
United States District Judge